**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| KRYSTYNE FARRIS<br><br>Plaintiff,<br><br>v.<br><br>INTUIT INC.,<br><br>Defendant. | : | Case No.: 3:25-CV-02028<br>(Hon. Karoline Mehalchick) |

**DEFENDANT'S BRIEF IN SUPPORT OF**
**DEFENDANT'S MOTION TO DISMISS (Doc. 10)**

## I. INTRODUCTION

Plaintiff Krystyne Farris has no viable claim against Defendant Intuit Inc. ("Intuit") for retaliation or discrimination under the Americans with Disabilities Act ("ADA") or Pennsylvania Human Relations Act ("PHRA"). Her sworn December 13, 2023 dual filed Equal Employment Opportunity Commission ("EEOC") and Pennsylvania Human Relations Commission ("PHRC") Charge served on Intuit—which trumps any allegations to the contrary—concedes when Intuit invited her to request a reasonable accommodation, she "decided to not follow through." Her First Amended Complaint ("FAC") does not correct the deficiencies of her prior pleading and instead creates another. The FAC fails to plead that Plaintiff is qualified, that she had a qualifying disability, or that Intuit knew of her disability. Instead, the FAC alleges only that she suffered from temporary conditions and suspected she had a

different disorder. Courts consistently require more (even at the pleading stage), and this Court should too. Intuit respectfully requests the Court grant Intuit's Motion to Dismiss and dismiss Counts I and III in their entirety.

## II. PROCEDURAL HISTORY

Plaintiff filed her initial Complaint on October 27, 2025. (Doc. 1). Defendant moved to dismiss Counts I and III of the Complaint on January 20, 2026. (Doc. 6). Plaintiff filed her FAC on February 3, 2026. (Doc. 8). Defendant's motion to dismiss (Doc. 6), was denied as moot by Order dated February 6, 2026. (Doc. 9). Defendant moved to dismiss Count I and III of the FAC on February 17, 2026. (Doc. 10).

## III. STATEMENT OF FACTS[1]

Plaintiff began working for Intuit around February 15, 2015. *See* FAC, ¶ 10, ECF No. 1. Plaintiff worked first in a part-time seasonal role but was later hired as a Manager I. *Id.* ¶ 11.

Plaintiff alleges she suffers from several spinal conditions and was diagnosed with a hernia. *Id.* ¶ 12. Although Plaintiff alleges her physician recommended testing her for an autoimmune disorder, she never alleges that she had an autoimmune disorder, or that she told Intuit she had an autoimmune disorder. *Id.* ¶¶ 13, 15, 19 (referring to testing for a suspected autoimmune disorder).

Plaintiff alleges that she notified a Manager II and Manager III that she

[1] For the purposes of this Motion, Intuit, as it must, accepts as true the allegations in Plaintiff's Complaint. *See McTernan v. City of York, Penn.*, 577 F.3d 521, 526 (3d Cir. 2009).

required medical leave from July 20, 2023 until September 1, 2023. *Id.* ¶ 14. Plaintiff alleges that when she returned to work in September 2023, she told her supervisor of her diagnoses (as alleged in the Complaint, temporary spinal conditions and hernia) and suspected autoimmune disorder, and he directed her to submit an accommodation request to the Human Resources department. *Id.* ¶ 15-16.

Plaintiff alleges she did just that. FAC. ¶ 16. But her filed Charge served on Intuit admits the sworn truth: in response to Intuit's invitation to submit a request for accommodation, "[she] decided to not follow through." Charge, ¶ 7.[2]

Despite admitting that she decided not to submit a reasonable accommodation request, *see* Charge, ¶ 7, the only protected activity Plaintiff alleges for her ADA and PHRA claims is that she requested reasonable accommodations. FAC ¶ 25, 33.

## IV. STATEMENT OF QUESTIONS INVOLVED

1. Should this Court dismiss Plaintiff's claim for retaliation under the ADA where Plaintiff's sworn Charge alleges that she did not engage in protected activity?

   Proposed answer: *Yes.*

2. Should this Court dismiss Plaintiff's claim for retaliation under the PHRA

[2] To support that Plaintiff has satisfied jurisdictional prerequisites, Plaintiff relies on, but fails to attach a copy of the Charge filed and served on Defendant to her Complaint. FAC¶ 5. As this Charge is central to her claims, and she cannot dispute the authenticity of the document, this Court is able to take judicial notice of the Charge without converting this Motion to Dismiss into a Motion for Summary Judgment. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) ("a document integral to or explicitly relied upon in the complaint" may be considered "without converting the motion to dismiss into one for summary judgment[]" (internal quotation marks and citations omitted)); *see also Mastrella v. DeJoy,* 1:20-CV-1135, 2021 WL 5396077, at *2, n.3 (M.D. Pa. Nov. 18, 2021) (considering EEOC complaint on motion to dismiss). Intuit attaches a redacted version of Plaintiff's Charge as **Exhibit A** to this Motion.

where Plaintiff's sworn Charge alleges that she did not engage in protected activity?

Proposed answer: *Yes.*

3. Should this Court dismiss Plaintiff's claim for discrimination under the ADA where Plaintiff fails to allege that she was disabled within the meaning of the ADA and Defendant knew it?

   Proposed answer: *Yes.*

4. Should this Court dismiss Plaintiff's claim for discrimination under the PHRA where Plaintiff fails to allege that she was disabled within the meaning of the PHRA and Defendant knew it?

   Proposed answer: *Yes.*

5. Should this Court dismiss Plaintiff's claim for discrimination under the ADA where Plaintiff fails to allege that she was a qualified individual?

   Proposed answer: *Yes.*

6. Should this Court dismiss Plaintiff's claim for discrimination under the PHRA where Plaintiff fails to allege that she was a qualified individual?

   Proposed answer: *Yes.*

## V. **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a claim when a plaintiff "fail[s] to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). This occurs when, as a matter of law, a plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("*Twombly*"). A claim is plausible when it allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*

In determining whether this standard is met, the Court must construe all factual allegations set forth in the complaint as true. *McTernan v. City of York, Penn.*, 577 F.3d 521, 526 (3d Cir. 2009). That said, it need not accept as true conclusory allegations, bare assertions amounting to formulaic recitations of the elements of a claim, or allegations that contradict exhibits either attached to the complaint or explicitly relied on in the complaint. *Vorchheimer v. Philadelphian Owners Ass'n*, 903 F.3d 100, 112 (3d Cir. 2018); *George v. Rehiel*, 738 F.3d 562, 584 (3d Cir. 2013); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). When a plaintiff's "own exhibits contradict her allegations in the complaint, the exhibits control." *Vorchheimer*, 903 F.3d at 112.

## VI. ARGUMENT

### A. THIS COURT SHOULD DISMISS PLAINTIFF'S ADA AND PHRA RETALIATION CLAIMS BECAUSE SHE NEVER ENGAGED IN PROTECTED ACTIVITY.

Plaintiff's retaliation claims fail because she, by her own sworn allegations, never engaged in protected activity. To state a prima facie case of retaliation under the ADA or PHRA, a plaintiff must plausibly allege three elements: (1) protected employee activity; (2) adverse action by the employer either after or contemporaneous with the employee's protected activity; and (3) a causal connection between the employee's protected activity and the employer's adverse action. *Wilson v. Columbia Gas of Pennsylvania*, 676 F. Supp. 3d 424, 436, 447 (W.D. Pa. 2023).

Plaintiff's sworn Charge forecloses any plausible claim for retaliation based on the protected activity she claims. Although Plaintiff's FAC alleges she requested a reasonable accommodation—her alleged request for a flexible work schedule—her filed Charge admits the opposite: when invited by Intuit to submit an accommodation request, she "decided to not follow through." Charge ¶ 7. Plaintiff cannot avoid dismissal by contradicting her own exhibits or prior sworn statements. *See Vorchheimer*, 903 F.3d at 112 ("When a plaintiff's own exhibits contradict her allegations in the complaint, the exhibits control."); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (exhibits explicitly relied on in the complaint are considered on a motion to dismiss, even if not attached). Because Plaintiff never requested an accommodation or otherwise engaged in any protected activity under the ADA or PHRA, her retaliation claims must be dismissed as a matter of law.

**B. THIS COURT SHOULD DISMISS PLAINTIFF'S ADA AND PHRA DISCRIMINATION CLAIMS BECAUSE SHE FAILS TO ALLEGE SHE WAS QUALIFIED, SHE HAD A QUALIFYING DISABILITY, OR INTUIT KNEW ABOUT SUCH DISABILITY.**

Plaintiff fails to state a claim for discrimination because she does not plausibly allege: (1) she was qualified; (2) she had a disability; or (3) that Intuit knew she had a disability. To withstand a motion to dismiss disability discrimination claims under the ADA and PHRA[3], a plaintiff must allege she: (1) is disabled within the meaning

[3] *Rubano v. Farrell Area Sch. Dist.*, 991 F. Supp. 2d 678, 704 (W.D. Pa. 2014) ("PHRA is to be interpreted as identical to federal anti-discrimination laws except

of the ADA/PHRA and her employer knew it; (2) can perform essential functions of his job with or without reasonable accommodation; and (3) suffered an adverse employment action as a result of discrimination based on her disability. *Jones v. United Parcel Serv.*, 214 F.3d 402, 406 (3d Cir. 2000); *Long v. Spalding Auto. Inc.*, 337 F. Supp. 3d 485, 490 (E.D. Pa. 2018).

Regarding Plaintiff's alleged disability, courts require plaintiffs to plead an ongoing disability; pleading a temporary and non-chronic impairment is not enough. *Long*, 337 F. Supp. 3d at 490 (dismissing ADA disability discrimination claim where plaintiff pled only that he was diagnosed with temporary spine issues and failed to allege the ongoing nature of his disability).

Plaintiff fails to plead she has a qualifying disability. Just as in *Long*, Plaintiff pleads only that she suffered from various temporary spinal conditions and that she sought testing for an autoimmune disorder (not that she had an autoimmune disorder). So just as in *Long*, Plaintiff's allegation of temporary conditions cannot satisfy her burden to plead she is disabled within the meaning of the ADA of PHRA.

Plaintiff also falls short of alleging Intuit knew she was disabled. At best, she told various supervisors that she at one time suffered from temporary conditions and suspected she had a different condition. This does not satisfy her burden to show Intuit knew she was disabled within the meaning of the ADA or PHRA. Of course,

---

where there is something specifically different in its language requiring that it be treated differently.")

an employer's knowledge of a temporary condition does not demonstrate knowledge of a disability. *Rinehimer v. Cemcolift, Inc.*, 292 F.3d 375, 380 (3d Cir. 2002) (plaintiff had no claim for ADA discrimination because although his employer arguably knew about temporary condition, it had no knowledge of any ongoing and qualifying disability).

Finally, Plaintiff fails to plausibly allege her qualifications, with or without a reasonable accommodation. This too is grounds for dismissal. *See Drummer v. Trs. of Univ. of Pennsylvania*, 286 F. Supp. 3d 674, 683 (E.D. Pa. 2017) (dismissing plaintiff's disability discrimination claim because he failed to allege he was qualified); *McCann v. Cath. Health Initiative*, No. CIV. A. 98-CA-1919, 1998 WL 575259, at *2 (E.D. Pa. Sept. 8, 1998) (noting that "in order to state an ADA claim [plaintiff] must at least allege that he [or she] is a qualified individual suffering from a disability and was terminated because of his disability" and dismissing because plaintiff's "complaint [wa]s devoid of these essentials"). This Court should likewise dismiss Plaintiff's disability discrimination claims as well.

## VII. CONCLUSION

For all the reasons above, the Court should dismiss Plaintiff's claims that Intuit retaliated against her for requesting a reasonable accommodation under with the ADA or the PHRA or discriminated against her under the same statutes (Counts I and III).

Dated: March 3, 2026

Respectfully submitted,

**GREENBERG TRAURIG, LLP**

*/s/ Andrea E. Nieto*
Andrea E. Nieto (Pa I.D. No. 319336)
101 E. Kennedy Boulevard
Suite 1900
Tampa, FL 33606
Tel: 813-318-5700
Fax: 813-318-5900
Andrea.Nieto@gtlaw.com

*Counsel for Defendant Intuit Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| KRYSTYNE FARRIS | : | |
| Plaintiff, | : | |
| v. | : | Case No.: 3:25-CV-02028<br>(Hon. Karoline Mehalchick) |
| INTUIT INC., | : | |
| Defendant. | : | |

**CERTIFICATE OF SERVICE**

I, Andrea E. Nieto, Esq., hereby certify that on this 3rd day of March, 2026, this document was filed electronically with the Clerk of Court using the CM/ECF electronic filing system and a copy of such filing was emailed to the following:

**THE GOLD LAW FIRM, P. C**
Sidney L. Gold, Esq.
Jamie L. Ford, Esq.
1835 Market Street, Suite 515
Philadelphia, PA 19103

*Attorneys for Plaintiff*

*/s/ Andrea E. Nieto*
Andrea E. Nieto, Esq. (Pa I.D. No. 319336)