**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| KRYSTYNE FARRIS, Plaintiff, | : | |
| v. | : | Case No.: 3:25-CV-02028 (Hon. Karoline Mehalchick) |
| INTUIT INC., Defendant. | : | |

**DEFENDANT'S REPLY IN SUPPORT OF**
**ITS MOTION TO DISMISS (Doc. 10)**

## I. INTRODUCTION

Plaintiff Krystyne Farris's Opposition to Defendant Intuit Inc.'s ("Intuit") Motion to Dismiss does not save her claims—it confirms why they fail.

The Opposition concedes Plaintiff never requested a reasonable accommodation, never submitted documentation to support one, and never gave Intuit any basis to know she had a qualifying disability. Instead, it acknowledges Plaintiff chose to use sick time instead of pursuing the accommodation process. Of course, that was her choice to make. But having made it, she cannot now recast her decision as an exercise of protected rights under the ADA or PHRA.

Plus, the Opposition asks too much. It offers no support for Plaintiff's requests that the Court: (1) infer a qualifying disability from a list of diagnoses, (2) find Intuit knew she was disabled because she needed medical leave, and (3) accept she was

qualified for her position because she was promoted, without any allegations of her qualifications at the time of the challenged employment decision.

Plaintiff had her opportunity to plead a plausible claim. She missed it—twice. Dismissal is warranted.

## II. PLAINTIFF'S OPPOSITION CANNOT SAVE HER AMENDED COMPLAINT.

Plaintiff's Opposition falls short. She admitted she never followed through on her accommodation request and never submitted supporting documentation—that admission is fatal. Her medical leave requests, standing alone, are not protected activity under the ADA or PHRA. And her bare-bones pleading of qualifications, disability, and Intuit's knowledge does not clear *Twombly* and *Iqbal's* plausibility bar.

### A. Plaintiff's Claims Fail Because She Admits She Never Followed Through on Her Reasonable Accommodation Request.

Plaintiff's attempt to walk back her admission that she "decided not to follow through" with her accommodation request—by claiming she simply chose to use sick time instead—only confirms Intuit's point: Plaintiff never requested a reasonable accommodation. To trigger the ADA and PHRA's accommodation obligations, an employee must provide their employer with "enough information to know of both the disability and desire for an accommodation." *Conneen v. MBNA Am. Bank, N.A.*, 334 F.3d 318, 332 (3d Cir. 2003). Plaintiff chose not to do that. That choice is not a paperwork technicality—it is a deliberate decision to abandon the

accommodation process. Plaintiff cannot now paper over that unambiguous admission with contradictory allegations to recast her vague communications as accommodation requests. *See e.g.*, *Fuoco v. Lehigh Univ.*, 981 F. Supp. 2d 352, 369 (E.D. Pa. 2013) (finding that [1] plaintiff's statements to her employer that she might have a medical condition and that she needed to make some doctor appointments and get tests for "medical issues" did not put her employer on notice sufficient to trigger the reasonable accommodation obligation as a matter of law and [2] the fact that plaintiff had taken sick leave and vacation for such conditions went against a finding that her employer should have known she needed a reasonable accommodation for a disability). Her sworn admission controls. *See ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 n.8 (3d Cir. 1994). "In the absence of specific requests for leave related to a disability, Plaintiff cannot reach back to previous leaves and deem them an exercise of her rights under the ADA. She thus fails to show protected activity." *Coleman v. Child.'s Hosp. of Philadelphia*, No. CV 22-1445, 2023 WL 7412923, at *7 (E.D. Pa. Nov. 8, 2023).

### B. Plaintiff's Medical-Leave Request Allegations—Alone—Do Not Show She Engaged in Protected Activity Under the ADA Or PHRA.

The Opposition unsuccessfully relies on Plaintiff's allegations that she required medical leave in July and October 2023 to save the deficiently pled ADA and PHRA retaliation claims. Requiring medical leave is not the same as requesting a reasonable accommodation. Only the latter is protected activity under the ADA

and PHRA.

To state a *prima facie* retaliation, claim under the ADA or PHRA, a plaintiff must show she engaged in protected activity. *Garcia v. Vertical Screen*, 592 F. Supp. 3d 409, 422 (E.D. Pa. 2022). Requesting a reasonable accommodation qualifies. *Id.* Requesting medical leave does not—at least not standing alone. *Id.* at n. 7; *see also Capps v. Mondelez Glob. LLC*, 147 F. Supp. 3d 327, 341 (E.D. Pa. 2015) (a request for FMLA leave "is not alternatively a request for a reasonable accommodation" under the ADA) (quoting *Rutt v. City of Reading*, No. 13-cv-4559, 2014 WL 5390428, at *4 (E.D. Pa. Oct. 22, 2014)). The reason for this rule is straightforward: the two requests communicate fundamentally different things to an employer. An employee who requests FMLA leave "does not clearly communicate to her employer that she is disabled and desires an accommodation." *Capps*, 147 F. Supp. 3d at 340. Rather, such employee signals that a "serious health condition" makes her "unable to perform the functions of the position." 29 U.S.C. § 2612. An employee who requests a reasonable accommodation signals the opposite—that she "can perform the essential functions of the employment position" with some adjustment. 42 U.S.C. § 12111. The narrow exception—where the employer knows the leave request involves an ongoing, disability-qualifying condition—does not apply here. *Isley v. Aker Philadelphia Shipyard, Inc.*, 275 F. Supp. 3d 620, 631 (E.D. Pa. 2017).

*Garcia* confirms this. There, the plaintiff similarly attempted to use his leave

requests as the protected activity underlying his ADA retaliation claim. The court rejected that theory, holding that his leave requests "will therefore only be considered with respect to his FMLA claim"—not his ADA claim. *Garcia*, 592 F. Supp. 3d at 422 n.7.

Plaintiff's allegations that she told her managers and a Human Resources representative she required medical leave—even if true—do not transform those communications into protected activity under the ADA or PHRA. *Garcia*, 592 F. Supp. 3d at 422. They convey only that she could not perform her job, not that she was seeking an adjustment to do so.

Plaintiff also cannot allege—nor does she—that Intuit had any basis to believe her leave requests involved an ongoing, disability-qualifying condition. Although Plaintiff alleges she suffered from various spinal issues and a hernia, she fails to allege Intuit knew she suffered from the same. She admits she "at all times . . . work[ed] remotely" for Intuit, *see* Doc. No. 11-1, giving Intuit no independent basis to observe any disability, and she never submitted documentation to support her alleged disability, giving Intuit no basis to know of one.

The Amended Complaint [Doc. No. 8] ("FAC") is equally silent on what Plaintiff actually told Intuit. She does not allege what she conveyed about her conditions, their nature or severity, their expected duration, or their impact on her ability to work. What she offers instead is a list of diagnoses—anterolisthesis,

bilateral foraminal stenosis, hernia, pars defect—and asks this Court to infer, from diagnoses alone, that Intuit was on notice of a qualifying disability. That inference is unavailable. "A particular diagnosis, no matter how severe (or severe-sounding to the layperson), standing alone, is not sufficient to establish disability." *Tice v. Ctr. Area Transp. Auth.*, 247 F.3d 506, 513 (3d Cir. 2001). The ADA inquiry is individualized. It turns not on the diagnosis, but on how that condition actually affects the plaintiff's major life activities, and whether those effects are sufficiently severe and sufficiently permanent to constitute a disability under the statute. *Id.* Without allegations addressing the nature, severity, and duration of the alleged impairments, Plaintiff cannot plausibly allege a qualifying disability. *See, e.g., Lawson v. CertainTeed Corp.*, No. CV 1:16-0238, 2017 WL 66579, at *6 (W.D. La. Jan. 4, 2017) (plaintiff's allegations that he suffered from spinal issues, including bilateral foraminal stenosis and a hernia—*the same conditions Plaintiff alleges here*—were insufficient to withstand motion to dismiss where plaintiff's complaint alleged "no facts that show the nature and severity of [his] back condition, the duration or expected duration, or its permanent or expected permanent or long-term impact. Thus, even taking all facts pled as true, there are no facts pled to establish that [plaintiff] was disabled under the ADA."). Plaintiff's alleged requests for medical leave are not protected activity under the ADA or PHRA.

Plaintiff's cases do not help. Plaintiff relies on *Conoshenti v. Pub. Serv. Elec.*

*& Gas Co.*, 364 F.3d 135 (3d Cir. 2004) (employee's claim arose under FMLA and NJ state law and ADA referenced only to contrast ADA's qualified individual standard from NJ state law standard); *Shannon v. City of Phila.*, 1999 WL 1065210 (E.D. Pa. Nov. 23, 1999) (addressing a failure to accommodate dispute, with no discussion of ADA retaliation or protected activity under the same), and *Jackson v. J. Lewis Crozer Libr.*, 445 Fed. Appx. 533, 536-537 (3d Cir. 2011) (holding that a request for accommodation under the ADA does not constitute protected activity if the request is unrelated to the disability—even if the disability is mentioned in the communication). None supports the proposition that a medical leave request, without more, constitutes protected activity under the ADA and PHRA. Nowhere in the FAC does Plaintiff allege she requested medical leave *as a reasonable accommodation* for any disability. Nor can she.

Because Plaintiff cannot satisfy the protected-activity element of her *prima facie* retaliation case, her ADA and PHRA retaliation claims fail as a matter of law and should be dismissed.

### C. Plaintiff's Disability-Related Allegations Fail to Clear the Plausibility Threshold.

Plaintiff's Opposition spotlights the FAC's core failures—no plausible allegations that she was qualified, that she had a disability, or that Intuit knew she was disabled—while doing nothing to cure them.

*Qualifications.* The Opposition does not dispute that the FAC contains no factual allegations about what essential functions Plaintiff's position required or how she could perform them with or without accommodation. The Opposition's bare assertion that Plaintiff "could perform all essential functions of her position with reasonable accommodations" appears nowhere in the FAC. *See* FAC. Even if it did, a bare assertion is not enough. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). And the fact that Plaintiff was promoted at various unspecified points in time during her tenure does not speak to whether she was qualified at a particular point in time—which she must do. "The determination of whether an individual with a disability is qualified is made at the time of the employment decision." *Gaul v. Lucent Techs., Inc.*, 134 F.3d 576, 580 (3d Cir. 1998). This deficiency alone warrants dismissal.

*Disability.* Plaintiff concedes the FAC only pairs a list of conditions with a conclusory statement that they "substantially impair one or more of her major life activities, including, but not limited to, standing, walking, and bending." FAC ⁋ 12. Missing entirely are any facts about the severity of the limitation, the duration of the impairment, or how the conditions actually affect her day-to-day functioning. *See* FAC. A diagnosis alone does not establish disability—a plaintiff must show how the condition actually affects her major life activities and whether those effects are sufficiently severe and permanent to qualify under the statute. *See Tice*, 247 F.3d at 513. Plaintiff's bare recitation of the statutory elements, untethered to supporting

facts, is insufficient. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

*Intuit's Knowledge.* Plaintiff's argument that Intuit knew she was disabled because she requested medical leave conflates two distinct concepts: knowledge of a medical condition and knowledge of a qualifying ADA disability. They are not the same. Knowing an employee has a medical condition does not establish that the employer knew the employee had a disability as defined by the ADA. *See Rinehimer v. Cemcolift, Inc.*, 292 F.3d 375, 380 (3d Cir. 2002) (no viable ADA claim where employer knew of temporary condition but not of any ongoing, qualifying disability). The FAC alleges only that Plaintiff "disclosed her specific diagnoses." FAC ⁋ 15. No allegations show Intuit knew or should have known Plaintiff's conditions were substantially limiting, as opposed to conditions requiring temporary medical attention. This is an independent basis for dismissal.

## III. CONCLUSION

For all the reasons above, the Court should dismiss Plaintiff's claims that Intuit retaliated against her for requesting a reasonable accommodation under with the ADA or the PHRA or discriminated against her under the same statutes (Counts I and III).

Dated: March 31, 2026

Respectfully submitted,

**GREENBERG TRAURIG, LLP**

*/s/ Andrea E. Nieto*

Andrea E. Nieto (Pa I.D. No. 319336)
101 E. Kennedy Boulevard
Suite 1900
Tampa, FL 33606
Tel: 813-318-5700
Fax: 813-318-5900
Andrea.Nieto@gtlaw.com

*Counsel for Defendant Intuit Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| KRYSTYNE FARRIS | : | |
| Plaintiff, | : | |
| v. | : | Case No.: 3:25-CV-02028 (Hon. Karoline Mehalchick) |
| INTUIT INC., | : | |
| Defendant. | : | |

**CERTIFICATE OF SERVICE**

I, Andrea E. Nieto, Esq., hereby certify that on this 31st day of March, 2026, this document was filed electronically with the Clerk of Court using the CM/ECF electronic filing system and a copy of such filing was emailed to the following:

**THE GOLD LAW FIRM, P. C**
Sidney L. Gold, Esq.
Jamie L. Ford, Esq.
1835 Market Street, Suite 515
Philadelphia, PA 19103

*Attorneys for Plaintiff*

*/s/ Andrea E. Nieto*
Andrea E. Nieto, Esq. (Pa I.D. No. 319336)